## WELSING v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. November 10, 1914.)

No. 41.

1. POST OFFICE (§ 49*)—LARCENY FROM MAILS—EVIDENCE.

Evidence *held* to sustain a conviction of a mail carrier for larceny from the mails.

[Ed. Note.—For other cases, see Post Office, Cent. Dig. §§ 84–86; Dec. Dig. § 49.*]

2. CRIMINAL LAW (§ 868*)—TRIAL—EXHIBITS—TAKING TO JURY ROOM.

It was not error to permit a jury to take a broken box, introduced as an exhibit, to the jury room, without specific instructions as to how they were to examine it, where no objections were taken at the time, or instructions concerning it requested.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2070; Dec. Dig. § 868.*]

In Error to the District Court of the United States for the Southern District of New York.

This cause comes here on writ of error to review a judgment of the District Court, Southern District of New York, convicting plaintiff in error, a letter carrier who was defendant below upon an indictment under section 195 of the federal Penal Code (Comp. St. 1913, § 10365). The relevant parts of the section are:

"Whoever, being a postmaster or other person employed in any department of the postal service, shall unlawfully detain, delay, or open any letter, postal card, package, bag, or mail intrusted to him or which shall come into his possession, and which was intended to be conveyed by mail, or carried or delivered by any carrier, * * * or shall steal, abstract, or remove from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $500, or imprisoned not more than five years, or both."

The indictment charged that defendant unlawfully and feloniously did steal and abstract and remove a brooch pin with imitation stone in center from and out of a certain package of mail matter particularly described.

Mirabeau L. Towns, of New York City, for plaintiff in error.

J. C. Knox, Asst. U. S. Atty., of New York City, for the United States.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. The main proposition advanced on behalf of defendant is that the court should have dismissed the indictment because the evidence was inadequate to sustain it.

[1] It is unnecessary to rehearse all the evidence. The jury was carefully instructed as to presumption of innocence, interest or bias of witnesses, etc. There was testimony from which the jury might very well conclude that a test package was prepared containing the brooch, the package being a small pasteboard box securely sealed and addressed to a house on defendant's route; that this package in good condition was placed in defendant's box of mail matter about 5:30 p.

m.; that it remained there, untouched by any one, until a few minutes later, when defendant put it with other mail matter in his pouch; that a few minutes later he put a hand in the pouch and fumbled around, and then put both hands in the pouch and again fumbled around, immediately thereafter withdrawing the box with its side broken in and the brooch gone. After having the broken package marked with the appropriate stamp, he started on his route, delivered the empty box, and, upon being intercepted by Post Office Inspectors, his pouch was searched, and the brooch found in the bottom below all mail matter and some straps. Had the pouch been carried around some time after the unbroken package was put in, there might be some doubt as to whether the side was broken in by defendant's fingers or by other mail matter contained in the pouch. But it is difficult to see how the jury, if they believed the government's witnesses rather than the defendant, as their verdict shows they did, could have reached any other conclusion than the one indicated by their verdict of "guilty." They might, if they believed the testimony, find the existence of felonious intent from the action of the accused in opening the package, and removing the contents, and placing them under the straps in the bottom of his bag, and making delivery of the empty box. That he permitted the pin to remain in the bag does not help him; he concealed it in the bottom of his bag. The case is not different from what it would have been if he had concealed it somewhere in the post office building.

[2] It has been argued that the court erred in allowing the jury to take the box to the jury room without specific instructions as to how they were to examine it. No objection to the jury's taking the box was raised at the trial, nor were any instructions about it asked for. There seems to be no merit in the point.

Judgment affirmed.